UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANDREW MISKA,

    Plaintiff,

vs.                                             Case No.  3:10-cv-525-J-34MCR

TRAVELERS INDEMNITY COMPANY, et al.,

    Defendants.
_____/

## **O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Reopen Discovery (Doc. 190) filed December 15, 2011.  Plaintiff asks that discovery be reopened so that he may take three depositions in order to establish that the motorist responsible for the collision in this case was indeed uninsured.  Defendants responded to this Motion and Defendant, Travelers Indemnity Company ("Travelers") opposes the reopening of discovery (Doc. 192),while Defendant, Navigators Insurance Company ("Navigators") does not (Doc. 193).

    According to Plaintiff, he received two letters from Travelers where Travelers indicated it had ceased any subrogation efforts against the motorist, Hernandez David Gomez, due to the inability of Travelers to contact Mr. Gomez or locate any source of recovery, including, but not limited to, insurance coverage.  The Court has reviewed these letters and they do not mention insurance coverage.  However, Travelers did send a letter to Plaintiff's counsel on May 25, 2010, in which it states, "It turns out Mr.

Gomez was uninsured for this loss." (Doc. 190, Ex. C). Additionally, in two letters to the Florida Department of Financial Services dated June 21, 2011 and October 10, 2011 (copies of both were sent to counsel for Plaintiff), Travelers's counsel states:

> The circumstances giving rise to the claim arose on or about May 1, 2009 at or about 10:00 p.m. when Mr. Miska was stopped at a traffic light in his personal motor vehicle when he was rear-ended by a motorist who was later determined to be uninsured.

(Doc. 190, Ex. D). Based on these statements, counsel for Plaintiff believed the issue of whether Mr. Gomez was uninsured had been established and would not be at issue. It was not until the Pretrial Conference on October 24, 2011, where counsel for Travelers indicated she would not stipulate to Mr. Gomez being uninsured that Plaintiff realized he would need to prove that element of his case.

Travelers argues it has repeatedly made clear its position that Plaintiff would need to prove Mr. Gomez was uninsured. Travelers points to its answer in which it responded to Plaintiff's allegation that Mr. Gomez was uninsured by stating it neither admitted or denied but demanded strict proof thereof. Additionally, Travelers points to its Rule 26 disclosures where Travelers listed Mr. Gomez as someone having knowledge of whether or not he had insurance coverage at the time of the accident. Next, Travelers points to its Pretrial Statement, the comments made by its attorney during the Pretrial Conference, and its Trial Brief as support for its position that Travelers has always maintained Plaintiff would need to prove Mr. Gomez was uninsured. Travelers does not acknowledge the three letters in which Travelers stated that it was determined Mr. Gomez was uninsured.

Travelers takes the position that Plaintiff must show good cause to have discovery reopened and Plaintiff has failed to do so.  The Court does not agree.  While the Court certainly believes counsel for Plaintiff could have been more diligent and deposed Mr. Gomez during discovery, the Court also sees how counsel for Plaintiff could have believed that Travelers would be willing to stipulate that Mr. Gomez was uninsured based on the three letters from Travelers.  Moreover, the fact that Plaintiff cannot utilize a subpoena to ensure Mr. Gomez's attendance at trial weighs in favor of reopening discovery.  Accordingly, discovery will be reopened for the limited purpose of allowing counsel for Plaintiff to take the three depositions requested.[1]  Counsel for Plaintiff is directed to ensure the depositions are completed on or before January 6, 2012.  Judge Howard will enter an Order regarding the trial date, but has informed the undersigned that the trial could begin as early as January 9, 2012.  Accordingly, after due consideration, it is

**ORDERED**:

Plaintiff's Motion to Reopen Discovery (Doc. 190) is **GRANTED**.

---

[1] In its Order directing Defendants to file a response to this Motion (Doc. 191), the Court indicated it would sanction any attorney or party behaving unreasonably.  While the Court is disappointed in the position taken by Travelers, it does not believe its conduct or that of its attorney rises to the level of warranting sanctions.

**DONE AND ORDERED** in Chambers in Jacksonville, Florida this  21st  day of December, 2011.

*Monte C. Richardson*
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

Counsel of Record